UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,                    :
                                             :          11 Cr. 12 (RMB)
            - against -                      :
                                             :          **DECISION & ORDER**
TODD LABARCA,                                :
                     Defendant.              :
------------------------------------------------------------x

Having reviewed the record herein, including without limitation: **(1)** Defendant Todd LaBarca's ("LaBarca" or "Defendant") motion for compassionate release, filed by attorney Ronald Rubinstein, Esq. and dated July 2, 2020, Defendant's Reply dated August 10, 2020, and Defendant's Surreply dated August 21, 2020 (collectively, the "First Motion"). LaBarca requested that the Court "reduce [his] term of imprisonment to time served" or, in the alternative, "recommend [to the BOP] that [he] be released to home confinement immediately." See July 2, 2020 Def. Mot. at 47. LaBarca contended, among other things, that: (i) he "is suffering from numerous medical conditions that put him at higher risk of getting severely ill or dying from the Coronavirus pandemic, which continues to rage in prisons across the country;" and (ii) he "has been rehabilitated by his time in prison." Id. at 46; **(2)** the Government's opposition, dated August 3, 2020, which contended that LaBarca's First Motion should be denied because "his release would pose a danger to the community;" and "the Section 3553(a) factors weigh heavily in favor of rejecting the defendant's request for a reduction of his sentence." See Aug. 3, 2020 Gov't Opp. at 6; **(3)** the Court's Decision & Order, dated October 28, 2020, denying compassionate release for LaBarca because, among other reasons: "LaBarca poses a danger to the community . . . [he] pled guilty to a very serious crime which included . . . Conspiracy to Commit Murder, Marijuana Trafficking, Ecstasy Trafficking, Conspiracy to Commit Extortion, and Operating an Illegal Gambling Business" and compassionate release fails to satisfy any of the purposes of sentencing set forth at 18 U.S.C. § 3553(a). See United States v. LaBarca, 2020 WL 6305968, at *4-5 (S.D.N.Y. Oct. 28, 2020) (internal citations and quotations omitted). The Court also rejected Defendant's request that the Court recommend to the BOP

1

that he be transferred to home confinement. *Id.* at *1 n.2; **(4)** Defendant's motion for reconsideration "and/or to reargue [LaBarca's First] Motion for Compassionate Release," dated November 10, 2020, and Defendant's Reply, dated December 1, 2020, contending, among other things, that: "the Court and the parties overlooked the Court's authority to reduce a sentence to something other than time-served." LaBarca references two recent cases – *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020) and *United States v. Rodriguez*, 2020 WL 5810161 (S.D.N.Y. Sept. 30, 2020). LaBarca mistakenly contends that "the Court overlooked . . . the Court's ability to confine Mr. LaBarca at his son's residence and to subject him to a non-association condition during a lengthy period of supervised release." LaBarca also argues that "the restrictions imposed [by the BOP] to prevent the spread of COVID-19 . . . combined with Mr. LaBarca's ill health . . . mean that Mr. LaBarca's imprisonment has been significantly harsher and more punitive than would otherwise have been the case." See Nov. 10, 2020 Def. Mot. at 1-5, 10, 11; Dec. 1, 2020 Def. Reply at 3-4; **(5)** the Government's opposition, dated November 25, 2020, arguing, among other things, that: LaBarca "was free to request a reduction in sentence to a term other than time-served when he filed his [First Motion]" and *Brooker* and *Rodriguez* do not represent "controlling decision[s] on this point;" LaBarca's "claimed rehabilitation . . . was fully briefed and argued in his initial motion . . . [and] the defendant offers nothing that the Court might have overlooked;" and LaBarca's argument "that his time in prison since the COVID pandemic began has been harsher than it otherwise would have been . . . does not appear to have been raised in [the First Motion] . . . [and] [h]e should not be permitted to advance new theories . . . in a motion for reconsideration." See Nov. 25, 2020 Gov't Opp. at 2-3; **(6)** LaBarca's letters, dated December 10, 2020 and December 11, 2020, advising that "there is now an outbreak at FCI Schuylkill." See Dec. 10, 2020 Def. Ltr. at 1; and **(7)** the Government's response, dated January 13, 2021, arguing persuasively that: "[t]he increase in COVID-19 cases at FCI Schuylkill does not justify the defendant's release from prison;" and "[t]he danger LaBarca poses, standing alone, is a sufficient basis to deny his motion for reconsideration." See

2

Jan. 13, 2021 Gov't Ltr. at 1, **the Court hereby denies LaBarca's motion for reconsideration, as follows:[1]**

I. <u>Background</u>

On April 26, 2012, LaBarca, who is 50 years old, pled guilty of racketeering, in violation of Title 18, United States Code, Section 1962(c), and of conspiracy to commit assault in aid of racketeering, in violation of Title 18, United States Code, Section 1959(a)(6). See Apr. 26, 2012 Plea Hr'g Tr. "**LaBarca orchestrated the cold-blooded murder of someone who believed [LaBarca] to be [his] friend.**" *LaBarca*, 2020 WL 6305968, at *4-5 (emphasis added). LaBarca's Sentencing Guidelines range was 360 months to life with a statutory maximum of 276 months. His criminal history category was V and his offense level was 40. See July 2, 2020 Def. Mot. at 9. The Court sentenced LaBarca to 276 months imprisonment to be followed by 3 years of supervised release. See July 12, 2012 Judgment.

LaBarca is incarcerated in the medium-security facility at FCI Schuylkill in Pennsylvania. See FCI Schuylkill, BOP, https://www.bop.gov/locations/institutions/sch/; Jan. 13, 2021 Gov't Ltr. at 1.

As of January 19, 2021, LaBarca had served 120 months or 43% of the 276-month sentence imposed. See July 2, 2020 Def. Mot. Ex. J. He is scheduled to be released from prison on August 25, 2030. See Aug. 3, 2020 Gov't Opp. at 4; Inmate Locator, BOP, https://www.bop.gov/inmateloc (last visited Jan. 19, 2021).

II. <u>Legal Standard</u>

"A motion for reconsideration is not intended as a 'vehicle for relitigating old issues, presenting the case under new theories . . . or otherwise taking a second bite at the apple.'" *United States v. Bryant*, 2021 WL 22608, at *1 (S.D.N.Y. Jan. 4, 2021) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)). "Indeed, reconsideration is an extraordinary remedy to be employed sparingly in the interest of finality and conservation of scarce judicial resources." *Id.* "A motion for

---

[1] **Any issues or arguments raised by the parties but not specifically addressed in this Decision and Order have been considered by the Court and rejected.**

reconsideration 'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *United States v. Posner*, 2020 WL 7022500, at *1 (S.D.N.Y. Nov. 30, 2020) (quoting *Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

"[T]he Section 3553(a) factors and the danger [a defendant] poses to the community [can] override **any** extraordinary and compelling reasons justifying his release." *United States v. Serrano*, 2020 WL 5259571, at *4 (S.D.N.Y. Sept. 3, 2020) (emphasis added); *see also United States v. Roney*, 2020 WL 6387844, at *2 (2d Cir. Nov. 2, 2020) ("We need not decide whether [defendant] has proffered an extraordinary and compelling reason that warrants his release under 18 U.S.C. § 3582(c)(1)(A)(i) because . . . release is nevertheless unwarranted upon consideration of the § 3553(a) factors."); *United States v. Lika*, 2020 WL 2766049, at *3 (S.D.N.Y. May 28, 2020) ("[T]he § 3553(a) factors and the danger Defendant presents to the community outweigh the risks [presented by the pandemic]").

**III.   Findings**

1. LaBarca exhausted his administrative remedies with regard to his First Motion. *See LaBarca*, 2020 WL 6305968, at *2. On May 11, 2020, the Warden at FCI Schuylkill denied LaBarca's application stating, among other things: "The BOP is taking extraordinary measures to contain the spread of COVID-19 and treat any affected inmates . . . However, your concern about being potentially exposed to, or possibly contracting COVID-19 does not currently warrant an early release from your sentence. It should be noted that at this time, FCI Schuylkill does not have any confirmed COVID-19 staff or inmate cases." See July 2, 2020 Def. Mot. Ex. A. On May 20, 2020, LaBarca appealed the Warden's denial and on May 26, 2020, the Warden denied LaBarca's appeal. See July 2, 2020 Def. Mot. Ex. B.

2. LaBarca's motion for reconsideration appears to raise two claims that he failed to brief in the First Motion: (i) that LaBarca's sentence can be reduced to "something other than time served;" and (ii) that the "outbreak at FCI Schuylkill . . . strengthens the grounds for granting Mr. LaBarca Compassionate Release." See Nov. 10, 2020 Def. Mot. at 1-5, 10, 11; Dec. 1, 2020 Def. Reply at 3-4; Dec. 10, 2020 Def. Ltr. at 1-2. New claims are not appropriate for reconsideration. *See United States*

4

    *v. Bolino*, 2020 WL 6136258, at *1 (E.D.N.Y. Oct. 19, 2020) ("[A] motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court"); *United States v. Randolph*, 2020 WL 7337780, at *1 (W.D.N.Y. Dec. 14, 2020) ("Defendant's assertion regarding the increase in [COVID-19] cases at [the prison] relies on facts that occurred after the Court adjudicated his original motion and therefore is not appropriately raised on a motion for reconsideration."). These claims have not been presented to the BOP or to the Warden of FCI Schuylkill and, accordingly, have not been exhausted.

    In *United States v. Russo*, No. 16-cr-441 (LJL), Dck. No. 54, at 4 (S.D.N.Y. Apr. 3, 2020), the court pointed out that "the BOP is frequently in the best position to assess, at least in the first instance, a defendant's conditions, the risk presented to the public by his release, and the adequacy of a release plan . . ."

    In *United States v. Nwankwo*, 2020 WL 7335287, at *1 (S.D.N.Y. Dec. 14, 2020), the court concluded that the defendant was required to exhaust his administrative remedies including his new claim of a "documented outbreak" of COVID-19.

3. As of January 19, 2021, there were 52 inmates at FCI Schuylkill with active COVID-19 cases out of a population of 1,027 inmates. See COVID-19: Coronavirus, BOP, https://www.bop.gov/coronavirus/ (last visited Jan. 19, 2021). This appears to reflect a **decrease** in the number of active cases since LaBarca filed his December 11, 2020 letter when he stated: "120 inmates at FCI Schuylkill [] have confirmed cases of COVID-19." See Dec. 11, 2020 Def. Ltr. at 1. And, as pointed out by the Government, "there has been a marked decrease in positive COVID-19 cases at FCI Schuylkill over the past month." See Jan. 13, 2021 Gov't Ltr. at 1. Even assuming that it were appropriate to raise this (new) claim upon reconsideration, it is rebutted by a recent decision which found that FCI Schuylkill has "responded [to the COVID-19 pandemic] with extensive testing and quarantine practices" and that "[a]ll inmates who have tested positive are currently isolated while they are treated and recover." *See United States v. Sosa*, 2021 WL 65476, at *3 (E.D. Pa. Jan. 7, 2021).

## IV. Analysis

The Court denies LaBarca's motion for reconsideration. LaBarca has failed to "point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court.'" *See United States v. Posner*, 2020 WL 7022500, at *1 (S.D.N.Y. Nov. 30, 2020).

**First**, the principal rulings in the Court's October 28, 2020 Decision & Order included "dangerousness to the community" and the conflict with the 18 U.S.C. § 3553(a) sentencing factors posed by LaBarca's proposed release earlier than his original sentence. *See LaBarca*, 2020 WL 6305968, at *4 ("Dangerousness renders LaBarca ineligible for early release;" "Defendant's [First] Motion also fails to satisfy any of the purposes of sentencing set forth at 18 U.S.C. § 3553(a)"). Danger to the community and the 18 U.S.C. § 3553(a) factors continue to weigh heavily against any sentence reduction. *See United States v. Tranese*, 2021 WL 25371, at *2 (S.D.N.Y. Jan. 4, 2021) ("The [] term of imprisonment I imposed was – and remains – necessary to 'reflect the seriousness of the offense,' 'promote respect for the law,' [] 'provide just punishment for the offense,' as well as 'to afford adequate deterrence to criminal conduct.'"); *United States v. Kupa*, 2020 WL 2404856, at *1-2 (E.D.N.Y. May 12, 2020) ("The defendant is a career criminal . . . and the significant prison term imposed . . . reflected the defendant's extensive criminal history and the need to protect the public"); *see also United States v. Henderson*, 2020 WL 5055081, at *6 (D.N.J. Aug. 26, 2020) ("Defendant could present a danger to others if released before serving his full sentence"); *United States v. Hoopes*, 2020 WL 6889211, at *5 (E.D. Pa. Nov. 24, 2020) ("[Defendant] has failed to show how releasing him before he serves the full term of his sentence would align with the statutory sentencing factors").

**Second**, LaBarca's claim that the Court "overlooked the Court's authority to reduce [his] sentence to something other than time-served" fails. LaBarca never requested a reduction other than time served. And, as the Government points out, "it is not clear how a reduction to a term of imprisonment other than time served would address the defendant's primary concern . . . [namely serious] illness if he contracts COVID-19." See Nov. 25, 2020 Gov't Opp. at 3.

LaBarca's reliance on *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020) and *United States v. Rodriguez*, 2020 WL 5810161, at *1 (S.D.N.Y. Sept. 30, 2020) is misplaced. As the Government correctly points out, "[a] district court's ability to reduce but not eliminate a sentence under § 3582 was not . . . a new or novel interpretation of § 3582." See Nov. 25, 2020 Gov't Opp. at 2. The Court was fully aware of its authority. And, nothing in *Brooker* or *Rodriguez* alters the Court's earlier dispositive conclusions that: "[d]angerousness renders LaBarca ineligible for early release;" and the 18 U.S.C. § 3553(a) factors overwhelmingly weigh against LaBarca's early release. *See LaBarca*, 2020 WL 6305968, at *4; *see also United States v. Davis*, 2020 WL 5912811, at *1 (S.D.N.Y. Oct. 6, 2020) ("[Defendant's] motion for reconsideration is DENIED. The Second Circuit's holding in [*Brooker*] does not alter this Court's reasoning that the 18 U.S.C. § 3553(a) factors counsel against a sentence reduction in his case.").

**Third**, LaBarca previously raised the issue of home confinement in the First Motion. See e.g. July 2, 2020 Def. Mot. at 10 ("If released, Mr. LaBarca would stay at the home of his adult son, Anthony LaBarca."); Id. at 46 ("[W]e believe that home confinement would be appropriate in Mr. LaBarca's case, if the Court should conclude that Compassionate Release is not available in the case at bar"). The Court rejected the idea that LaBarca be transferred to home confinement. *See LaBarca*, 2020 WL 6305968, at *1 n.2.

The Court, as noted, is and was fully aware of its authority under 18 U.S.C. § 3582(c). See 18 U.S.C. § 3583(e)(4) ("The court may, after considering the factors set forth in section 3553(a) . . . order the defendant to remain at his place of residence . . ."); United States Sentencing Guidelines § 5F1.2 ("Home detention may be imposed as a condition of . . . supervised release . . . as a substitute for imprisonment.").

**Fourth**, LaBarca's claim that his incarceration has been "significantly harsher and more punitive than would otherwise have been the case" due to COVID-19 pandemic is true for all prisoners. Regrettably, the pandemic has burdened everyone. It was certainly not overlooked when the Court denied LaBarca's First Motion. The Court was constrained to conclude that any additional hardships LaBarca might face in prison are outweighed by the facts that LaBarca poses a clear danger to the community and

7

that the 18 U.S.C. § 3553(a) factors weigh conclusively against granting a reduction of his sentence. Indeed, LaBarca has presented no controlling decision or fact that would alter this outcome. *See United States v. Rosario*, 2020 WL 7695707, at *2 (S.D.N.Y. Dec. 24, 2020) ("[W]hile not expressly mentioned in the Court's order, the harsher conditions of confinement that inmates have faced as a result of lockdowns and other measures due to COVID-19 is a factor that this Court has considered in weighing every motion for compassionate release . . . [T]he Court still finds that the section 3553(a) factors weigh against an early release"); *United States v. Agosto*, 2021 WL 82088, at *5 (D. Conn. Jan. 11, 2021) ("Reducing [defendant's] sentence because he suffered somewhat harsher conditions than anticipated . . . is not consistent with the Court's obligation . . . to protect the public").

**Fifth**, LaBarca has presented no controlling decision or fact that would overcome the Court's conclusion that neither his medical condition nor his alleged rehabilitation can overcome the danger LaBarca poses to the community. See Nov. 25, 2020 Gov't Opp. at 3 ("the defendant argues that his need for medical care, separate and apart from the issues the COVID-19 pandemic poses, justifies release . . . [T]his is a point on which the defendant relied extensively in his initial brief . . . and which the Court fully considered before denying the motion."); Id. ("[Defendant's] claimed rehabilitation . . . was fully briefed . . . The defendant offers nothing that the Court might have overlooked in this regard"); *see also United States v. Salemo*, 2020 WL 3034807, at *1 (S.D.N.Y. June 5, 2020) ("[defendant] reiterates the medical conditions that he laid out in his earlier briefs, which the Court fully and carefully considered in rendering its decision to deny his motion . . . Accordingly, defendant's instant motion for reconsideration is denied.").

## V.   **Conclusion & Order**

For the reasons set forth above, Defendant's motion for reconsideration [Dck. #1027] is respectfully denied.

Dated: New York, New York
January 20, 2021

_____
**RICHARD M. BERMAN, U.S.D.J.**

8